Arnold **CHERRY**, Plaintiff–Appellant,

v.

Roger **TOUSSAINT**, TWU Local 100, TWU Local 100 Staff Pension Plan Trustee, Sonny Hall, TWU International President, Ed Watt, TWU Local 100, TWU Local 100 Staff Pension Plan Trustee, Noel Acevedo, TWU Local 100, TWU Local 100 Staff Pension Plan Trustee, John Kerrigan, TWU International, Secretary/Treasurer, Frank McCann, TWU International Vice President, Defendants–Appellees.

Docket No. 02–7322.

United States Court of Appeals, Second Circuit.

Nov. 1, 2002.

Arnold Cherry, pro se, Brooklyn, NY, for Plaintiff–Appellant.

Stuart Lichten, Kennedy, Schwartz & Cure, P.C., New York, NY, for Defendants–Appellees Roger Toussaint, Ed Watt and Noel Acevedo.

Peter D. DeChiara, Cohen, Weiss and Simon, LLP, New York, NY, for Defendants–Appellees Sonny Hall, John Kerrigan and Frank McCann.

Present MESKILL, JON O. NEWMAN and POOLER, Circuit Judges.

## SUMMARY ORDER

Appeal from judgment of the United States District Court for the Southern District of New York (Allen G. Schwartz, *Judge*) dismissing plaintiff's lawsuit for failure to state a claim upon which relief can be granted.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and it hereby is **AFFIRMED IN PART AND VACATED AND REMANDED IN PART.**

Plaintiff *pro se* Arnold Cherry appeals the February 15, 2002, judgment of the United States District Court for the Southern District of New York (Allen G. Schwartz, Judge) dismissing his lawsuit seeking relief under the Age Discrimination in Employment Act ("ADEA") and Employee Retirement Income Security Act ("ERISA"). Cherry, a former employee of Transport Workers Union ("TWU") Local 100, sued as individuals three trustees of Local 100's pension plan, Roger Toussaint, Ed Watt and Noel Acevedo. Cherry also sued as individuals three officers of TWU International, Sonny Hall, John Kerrigan and Frank McCann. The pension plan trustees in February 2001 refused Cherry's request to receive his pension in a lump sum rather than as an annuity. Cherry sent defendants Toussaint and Hall letters appealing the decision. On February 22, 2001, Cherry sent defendant Toussaint a letter requesting five categories of information relating to the pension plan and the decision to deny him a lump sum payment. Cherry sent the pension plan trustees three additional letters following up on his information request. Cherry asked the International officers to investigate and intervene in his dispute with the Local 100 pension plan, but the officers stated that they lacked jurisdiction over the matter. In April 2001, Cherry filed age discrimination complaints with the Equal Employment Opportunity Commission. Finally, by letter dated May 25, 2001, the pension plan's attorney responded to Cherry's February request for information, denying it in part and supplying him with some information. On July 24, 2001, Cherry filed his complaint in federal court. Defendants moved to dismiss the complaint pursuant to Fed. R.Civ.P. 12(b)(6). In two orders dated February 8, 2002, the district court granted the motions. Cherry now appeals. Our review is *de novo. Ganino v. Citizens Util. Co.*, 228 F.3d 154, 161 (2d Cir.2000).

Cherry on appeal does not appear to contest the dismissal of his claims under the ADEA. In any event, we affirm the dismissals for the reasons stated by the district court, namely, that the ADEA precludes individual liability. *See Parker v. Metropolitan Transp. Auth.*, 97 F.Supp.2d 437, 452 (S.D.N.Y.2000) (holding that a union president is not individually liable under ADEA); *see also Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313 (2d Cir.1995), *abrogated on other grounds, Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998) (applying same analysis in context of Title VII). With respect to Cherry's ERISA claims against the three TWU International officers, we affirm the dismissal because these defendants are not vicariously liable for the actions of the pension plan trustees and Cherry has alleged no facts suggesting an agency relationship between the trustees and international officers. *See Phelan v. Local 305*, 973 F.2d 1050, 1061–62 (2d Cir.1992).

With respect to Cherry's ERISA claims against the three pension plan trustees, we reverse the district court's dismissal and remand for further proceedings. Based on Cherry's allegations in the complaint, the trustees were the plan administrators as

defined by ERISA, 29 U.S.C. § 1002(16)(A)(i), and thus were required to respond to Cherry's written request by supplying "a copy of the latest updated summary plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is ... operated." *Id.* § 1024(b)(4). A plan administrator who fails to supply requested information within 30 days may be held personally liable to the participant for an amount of up to $100 per day. *Devlin v. Empire Blue Cross and Blue Shield,* 274 F.3d 76, 90 (2d Cir. 2001) (citing 29 U.S.C. § 1132(c)(1)(B)). The district court has discretion in assessing a penalty and may consider bad faith or intentional conduct by the administrators, the length of the delay, the number of requests made and documents withheld, and prejudice from the late compliance. *Id.* At a minimum, Cherry's complaint states a claim for defendants' liability in failing to provide him with information within 30 days of his request. It appears that defendants timely provided Cherry with the summary plan description. However, defendants may be liable for failing to provide Cherry with information included within an annual report, such as a financial statement detailing plan assets and liabilities, revenues and expenses, and plan funding policy. 29 U.S.C. §§ 1023(b)(2), 1024(b)(4). The information Cherry requested falls within the scope of an annual report even though he did not use that term in his request.

We have considered all of plaintiff-appellant's remaining arguments and find them to be without merit.